# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 18-9118 PA (SKx) | Date | October 24, 2018 |
|---|---|---|---|
| Title | 91 Enterprise, LLC v. Body Frenzy, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants Body Frenzy, Inc., Almog Gerbi, and Daniel Arie (collectively "Defendants"). Defendants assert that this Court has jurisdiction over the action brought against it by plaintiff 91 Enterprise, LLC ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-9118 PA (SKx) | Date | October 24, 2018 |
|---|---|---|---|
| Title | 91 Enterprise, LLC v. Body Frenzy, Inc., et al. | | |

2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction").

In support of their allegations that the Court possesses diversity jurisdiction over this action, Defendants' Notice of Removal alleges:

> As alleged and admitted by Plaintiff, Plaintiff 91 Enterprise LLC is "a limited liability company organized under the laws of the State of California and is doing business in the State of California, County of Los Angeles, City of Los Angeles." See Complaint at ¶ 6. Moreover, Plaintiff's publicly-available Form LLC-12 – Statement of Information, which was filed with the Secretary of State of the State of California on January 22, 2018, states that Plaintiff's principal office, mailing address, and California office are all located in Los Angeles, California. Because Plaintiff's place of incorporation and principal place of business are both California, Plaintiff is a citizen of California. See 28 U.S.C. § 1332(c)(1).

(Notice of Removal ¶ 18.) Defendants have alleged Plaintiff's citizenship as if it were a corporation. However, because it is a limited liability company, Plaintiff's citizenship is the citizenship of each of its members. See Johnson, 437 F.3d at 899. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Defendants' allegations related to Plaintiff's citizenship are insufficient to invoke this Court's diversity jurisdiction.

For the foregoing reasons, Defendant has failed to satisfy its burden of showing that diversity jurisdiction exists over this action. Accordingly, this action is hereby remanded to Los Angeles Superior Court, Case No. BC 718717, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.